5 Great College Street  Tel +44 (0)20 7222 7040
Westminster  Fax +44 (0)20 7222 6208
London SW1P 3SJ  LDE 113 London Chancery Lane
www.rlb-law.com  info@rlb-law.com
Direct Dial +44 (0)20 7227 7294  guy.greenhous@rlb-law.com



# RadcliffesLeBrasseur

The Hon Joseph J Farnan, Jr USDJ
United States District Court
District of Delaware
844 North King Street
Wilmington
DE USA 19801

17 October 2007

Our Ref: GRG/PMV/113577.001

Your Ref:

W 3336489 v1

Dear Mr Farnan

**Agnes Carvel Estate verses Leonard Ross, John/Jane Doe and Doe Corporation**
**Civil Action Number: 07-238-JJF**

I am a UK solicitor and a Partner in RadcliffesLeBrasseur.

I was appointed Judicial Trustee of the Estate of Agnes Carvel by an Order of Mr Justice Lewison dated 11th June 2007 in the Chancery Division of the High Court of Justice here in London. I believe that a copy of this Order has been exhibited to you but, in case it has not, I enclose a further copy.

You will note that Pamela Carvel was refused permission to appeal the Order but duly applied in terms of paragraph 18 of the Order by way of notice to the Court of Appeal seeking permission to appeal. This she duly did but permission was again refused and I enclose a copy of the Order of the Rt. Hon. Lord Justice Carnwath dated 2nd October 2007 evidencing this.

I understand that amended documentation has been lodged with your Court by Pamela Carvel subsequent to the making of the Court Order of 11th June 2007. This was without, until now, my knowledge and was not authorised by me.

Yours sincerely

**G R Greenhous**
**Partner**

Enc

FORM 269C1    (500:GS:VO:17.10.06)



# IN THE COURT OF APPEAL, CIVIL DIVISION

REF: A3/2007/1628



[SEAL]
Her Majesty's
Court of Appeal
11 OCT 2007

3580/07

THE THOMAS & AGNES CARVEL FOUNDATION   –v–   CARVEL & ORS

### ORDER made by the Rt. Hon. Lord Justice Carnwath

On consideration of the appellant's notice and accompanying documents, but without an oral hearing, in respect of an application for permission to appeal.

| Decision: granted, refused, adjourned. An order granting permission may limit the issues to be heard or be made subject to conditions. |
|---|
| REFUSED. |

| Reasons |
|---|
| No convincing challenge has been made to the Judge's legal analysis of his power to remove the claimant, and his exercise of his discretion was clearly justified for the reasons given. I see no realistic prospect of the Court of Appeal reaching a different decision. |

| Information for or directions to the parties |
|---|
|  |

*By the Court*

| Where permission has been granted, or the application adjourned |
|---|
| a)  time estimate (excluding judgment) |
| b)  any expedition |

Signed: /M/
Date: 2nd October, 2007

[SUPREME COURT stamp: ML]

**Notes**

(1) Rule 52.3(6) provides that permission to appeal may be given only where –
  a) the Court considers that the appeal would have a real prospect of success; or
  b) there is some other compelling reason why the appeal should be heard.

(2) Rule 52.3(4) and (5) provide that where the appeal court, without a hearing, refuses permission to appeal that decision may be reconsidered at a hearing, provided that the request for such a hearing is filed in writing within 7 days after service of the notice that permission has been refused. Note the requirement imposed on advocates by paragraph 4.14A of the Practice Direction.

(3) Where permission to appeal has been granted, the appeal bundle must be served on the respondents within 7 days of receiving this order (see para. 6.2 of the Practice Direction to CPR Part 52). A letter of notification will be sent to the appellant or his solicitors, as soon as practicable (see para. 6.3).

Case Number

IN THE HIGH COURT OF JUSTICE                    CLAIM NO: HC07C02611

CHANCERY DIVISION

IN THE ESTATE OF AGNES CARVEL, DECEASED

BETWEEN:

PAMELA CARVEL (EXECUTOR 4/8/98-11/6/07)

Claimant

- and -

(1) GUY GREENHOUS (JUDICIAL TRUSTEE 11/6/07)

Defendant

---

# EXHIBIT "GRG 1"

---

This is the Exhibit referred to as "**GRG 1**" in the First Witness Statement of

**Guy Greenhous**

IN THE HIGH COURT OF JUSTICE          Claim No: HC06C03337

CHANCERY DIVISION

MR JUSTICE LEWISON

MONDAY the 11th day of JUNE 2007



IN THE ESTATE of AGNES CARVEL deceased

BETWEEN:

THE THOMAS AND AGNES CARVEL FOUNDATION

Claimant

-and-

(1)   PAMELA CARVEL
(2)   CARVEL FOUNDATION, INC.

Defendants

---

**ORDER**

---

UPON THE APPLICATION of the Claimant by Application Notice dated 8th November 2006

AND UPON HEARING Counsel for the Claimant, for the First Defendant and for the Second Defendant

AND UPON READING the documents recorded on the Court file as having been read

AND the Court being of opinion that sufficient cause is shown within the meaning of Section 1(1) of the Judicial Trustees Act 1896 APPOINTS Guy Greenhous, Solicitor of the Supreme Court, of 5 Great College Street, Westminster, London EC4A 1RS ("the judicial trustee") as sole judicial trustee of the Will dated 7th July 1995 of the above-named Agnes Carvel deceased in place of the First Defendant to complete the administration of the deceased's estate

AND IT IS ORDERED

(1) that the First Defendant do forthwith deliver up to the Principal Registry of the Family Division the grant of probate with the said Will annexed granted to her on 2nd October 1998

(2) that the Claimant do deliver a sealed copy of this Order to the Principal Registry of the Family Division

(3) that the First Defendant do forthwith deliver up to the judicial trustee

(a) all property in her hands which is comprised in the said estate together with all deeds or documents of title relating to property comprised in the said estate and all other papers relating to the said estate; and

(b) all sums of money comprised in the said estate which are in her hands or under her control

(4) that the First Defendant do by 4.00 pm on 1st October 2007 prepare and deliver to the judicial trustee accounts of the estate from 4th

August 1998 (the date of the deceased's death) until the date of this Order

(5) that until further Order of the Court the judicial trustee shall not without the prior leave of the Court

    (a) make any distribution of capital or income to any beneficiary;

    (b) bring defend or participate in any proceedings on behalf of the estate of the deceased in any jurisdiction

(6) that subject as aforesaid the judicial trustee be at liberty

    (a) to apply for all such vesting and other consequential orders as may be necessary or expedient; and

    (b) to take all such other steps as he may consider necessary or expedient to collect and administer the assets of the deceased

(7) that the judicial trustee be authorised to charge and retain out of the assets comprised in the estate of the deceased reasonable remuneration in accordance with section 29 of the Trustee Act 2000 and that the requirements as to the provision of security and the preparation, filing examination and inspection of accounts contained in Rules 6, 9 and 12 of the Judicial Trustees Rules 1983 be dispensed with

(8) that the judicial trustee do prepare annual accounts of the estate of the deceased and make up the same to the anniversary of this Order

(9) that the Orders made by Deputy Master Weir and Master Price on 8th January 2004 and 6th May 2005 in proceedings issued in this Division by the First Defendant on 12th June 2003 (the reference to the record whereof is HC03C02156) ("the 2003 proceedings") be set aside

(10) that the First Defendant be at liberty on giving notice in writing to the judicial trustee and the Claimant to apply to the Master in the 2003 proceedings for directions as to the future conduct of such proceedings, such application not to be heard before 1st October 2007

(11) that notwithstanding paragraph (5)(b) of this Order the judicial trustee be at liberty to apply to be joined as a party and to participate in the 2003 proceedings

(12) that a copy of this Order be lodged in the Court file relating to the 2003 proceedings

(13) that the Claimant do cause copies of this Order and the Judgment herein to be supplied to the Surrogate's Court for the County of Westchester in the State of New York, the District Court for Palm Beach County in the State of Florida and any other Court which is seised of proceedings concerning Agnes' estate

(14) that the Claimant's costs of the action be referred to the costs judge for detailed assessment on the standard basis and that the First Defendant do pay to the Claimant its costs as so assessed

(15) that the First Defendant do by 4.00 pm on 1st October 2007 pay to the Claimant the sum of £100,000 on account of its costs of the

action, the said sum so paid to be accounted for by the Claimant on the detailed assessment of costs directed by paragraph (14) above

(16) that the parties be at liberty to apply generally

AND the First Defendant having by her Counsel at the conclusion of the hearing applied for permission to appeal THIS COURT STATES

(a) that this Order is a final order;

(b) that subject to the grant of permission to appeal an appeal lies from this Order to the Court of Appeal;

(c) that in the event of a refusal by this Court of permission to appeal any further application for permission to appeal may be made to the Court of Appeal

AND FURTHER ORDERS

(17) that the First Defendant's application for permission to appeal from this Order be refused

(18) that the First Defendant's time for filing an appeal notice to the Court of Appeal seeking permission to appeal from this Order be extended to 4.00 pm on Monday 16th July 2007

Claim No: HC06C03337

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

MR JUSTICE LEWISON

MONDAY the 11th day of JUNE 2007

IN THE ESTATE of AGNES CARVEL
deceased

BETWEEN:

THE THOMAS AND AGNES CARVEL
FOUNDATION

<u>Claimant</u>

- and -

(1) PAMELA CARVEL
(2) CARVEL FOUNDATION, INC.

<u>Defendants</u>

ORDER

Herbert Smith LLP,
Exchange House,
Primrose Street,
London EC4A 2HS