**Pamela Carvel**
28 Old Brompton Road, Suite 158
London, SW7 3SS, England, U.K.          US TEL/FAX fwd 1 954 524 1909

RECEIVED
NOV 20 2007

November 13, 2007

United States District Judge Joseph J. Farnan, Jr.
United State District Court for Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

RE:   **07-cv-00238-JJF, CARVEL v ROSS; DOCKET #8 Letter**

Dear Judge Farnan,

In reviewing PACER, I found at Docket #8 a letter from Guy Greenhous dated 17 October 2007. Mr. Greenhous did not copy me on that letter. Mr. Greenhous makes factual misrepresentations to the court. Mr. Greenhous' letter bears no weight in this proceeding because my complaints were not filed as executor and personal representative.

Leonard Ross was personally served with the Summons and Amended Complaint pursuant to Rule 4 on November 6, 2007, as directed by Delaware District Court's Order. Certificate of Service follows under separate cover.

As a *pro se* litigant with no legal training, I do not know how to respond other than by letter, as did Mr. Greenhous.

1-   **Mr. Greenhous is not a party to this proceeding** by Pamela Carvel in fiduciary capacities other than executor or personal representative: to disaffirm the acts of Leonard Ross taken in collusion with others to damage Delaware assets and interests; to judicially disqualify New York Westchester County Surrogate Anthony Scarpino for damage to Delaware assets and interests; and to seek damages for violations of guaranteed rights and laws in a pattern of criminal enterprises.

2-   **Mr. Greenhous is acting beyond his authority** from the High Court of England and Wales (Docket #8-3, item 5). Agnes Carvel's only adversaries since 1990 (the foundation usurpers who stole the identities of several Carvel charities by forgery) expressly crafted this odd restriction on fiduciary duty so as to obstruct all recovery stolen Carvel assets and damages from the usurpers, and thereby prevail by default.

Pursuant to item 5(b) of the High Court Order (Docket #8-3), Mr. Greenhous has no authority to "participate" in any proceeding without seeking express order of the High Court to do so. On information and belief, Mr Greenhous does not intend to seek such order of the High Court to take any actions with regards to any proceeding (see Witness Statement, 12 October 2007, enclosed). I do not herien address all of the misstatements of material facts or substantive misunderstandings by Mr. Greenhous expressed in his

**Pamela Carvel**
28 Old Brompton Road, Suite 158
London, SW7 3SS, England, U.K.          US TEL/FAX fwd 1 954 524 1909

statement but reserve the right to do so if it becomes relevant herein. Mr. Greenhous apparently made statements out of ignorance of the actual facts (also see Statement at 9).

3-   **The original complaint was made by Pamela Carvel as Delaware Ancillary Administrator.**

4-   **The amended complaint was made by Pamela Carvel as Delaware Ancillary administrator, Fiduciary-Creditor, on behalf of herself and others similarly situated.** I remain at this writing the Delaware ancillary administrator; however, my complaint is not exclusively in that capacity and remains to assert my rights even if I cease to be Delaware ancillary administrator. Notwithstanding the 11 June 2007 Order, Mr. Greenhous is not the Delaware Ancillary Administrator.

Part of my complaint is that Leonard Ross as New York ancillary administrator harmed Agnes Carvel, harmed Agnes' successors in interest in Delaware, obstructed recovery of stolen Delaware assets, harmed the Delaware ancillary administration, and deliberately acted in collusion with others to damage the Carvels, beneficiaries and creditors. In several letters and his Statement Mr. Greenhous made it clear to me that he does not represent me, or any other named beneficiaries under the Last Will, or creditors.

5-   **Mr. Greenhous makes misstatements of facts, not directly related to my amended complaint before the Delaware District Court.**

I have **not** exhausted my pursuit of appeal of the 11 June 2007 decision for errors in material facts and law.

My complaint does **not** need Mr. Greenhous' approval.

Mr. Greenhous' appointment is **not** retroactive before 11 June 2007.

Mr. Greenhous has **not** authority to "participate" in any proceeding anywhere without prior order of the High Court.

Part of my amended complaint is that Leonard Ross in various fiduciary positions acted to bind the Estate to the detriment of Agnes Carvel, Agnes' claims in Delaware, and Agnes' successors in interest in Delaware, without my knowledge or consent as executor and personal representative (1998-2007), or as Delaware ancillary administrator.

Ross acted without notice to me, named beneficiaries, or creditors. Even when as Executrix and Delaware ancillary administrator I expressly prohibited Ross from taking certain actions harming Delaware claims, Ross acted to the detriment of Agnes Carvel's interests and the Delaware ancillary administration. Ross asserted that as attorney, fiduciary, and New York ancillary administrator, he has no obligation to the domiciliary estate, other ancillary administrations, or the foreign fiduciary. If this assertion is indeed true, then equally Mr. Greenhous as foreign fiduciary can expect no obligatory cooperation from U.S. ancillary administrations – unless by collusion intended to harm only the Carvels as the owners of stolen assets, thereby further demonstrating unequal treatment to me as fiduciary.

If Mr. Greenhous were truly representing the Estate, he would benefit from my complaint because he cannot take any action himself. However, the collusion between

**Pamela Carvel**
28 Old Brompton Road, Suite 158
London, SW7 3SS, England, U.K.          US TEL/FAX fwd 1 954 524 1909

Leonard Ross and Mr. Greenhous' clients for their personal financial benefits is the only interest apparently pursued by Mr. Greenhous.

6- **Mr. Greenhous' sworn statement is that he does not intend to actively participate in any defense of the Estate's beneficiaries and creditors** (Witness Statement, see paragraph 11). The Estate has no assets in England. Mr. Greenhous is not an independent fiduciary but the foundation usurpers' paid handpicked replacement (see Statement at 11-13) for me as the Estate's U.K. representative for the stated purpose of ending all my efforts to recover stolen Carvel assets that are in the possession or control of the usurpers and their agents. The foundation usurpers are disqualified from benefit under Agnes Carvel's Last Will (Article Two E). That Last Will, probate in England, has NEVER been contested to this day by any party in any jurisdiction.

7- **I advanced the funds to defend Agnes Carvel and to continue to defend Agnes Carvel's estate, the Carvels' express and implied intentions, Carvel charities, Agnes' named beneficiaries, Agnes' Delaware successors in interest, and Agnes' creditors. I seek damages by my complaint.**

I was replaced as U.K. fiduciary by Mr. Greenhous because I am not "neutral" to the foundation usurpers since I know firsthand that the usurpers are identity thieves, not beneficiaries, who are engaged in fraudulent conversion of Carvel assets and political corruption. The FIFTH criminal investigation of the activities of the foundation usurpers is now pending with the New York Attorney General and the Federal Bureau of Investigation. The High Court ignored all documentary evidence supplied by me, and the Carvel Foundation as named remainder beneficiary of Agnes' uncontested Last Will. The four previous investigations by Attorney Generals and the F.B.I., that I assisted, all ended in successful felony convictions and the forced ouster of two prime foundation fraudsters, but not before the fraudsters installed their cronies in power to continue to divert millions of restricted Carvel donations.

I would be aiding and abetting in criminal activities, and violating the mandate of Agnes Carvel as testator and benefactor, if I turned a blind eye to the malfeasances of the foundation usurpers against the Carvels' assets, rights and interests. Agnes Carvel and I are the **only** fiduciaries denied equal indemnification of our expenses while strangers who are the Carvels' adversaries in litigation create multi-million dollar annuities for themselves by perpetuating litigation to deny the Carvels' all assets and all control. This pattern of deprivation to widows and beneficiaries is rampant in New York, so as to hijack the estates and silence the victims. More often that not, political corruption is involved as spelled out in my complaint (Docket #3).

Leonard Ross in collusion with others obstructed all reimbursement of funds I advanced on Ross' behalf and on the Estate's behalf although my persistence recovered over $20 million dollars due Agnes Carvel since 1990. Over $200 million may still be recovered in Delaware, despite the betrayal and collusion by Leonard Ross. The stated intent of the denial of funds to the Carvels is to prohibit opposition to the crimes against the Carvels and to prohibit recovery of assets. Mr. Greenhous clearly states that he will

𝔓𝔞𝔪𝔢𝔩𝔞 𝔠𝔞𝔯𔳞𝔢𝔩
28 Old Brompton Road, Suite 158
London, SW7 3SS, England, U.K.     US TEL/FAX fwd 1 954 524 1909


not take an active role because the Estate in England has no funds (Statement at 11). Mr. Greenhous acts only for the benefit of his paying clients, the foundation usurpers, and defers to them for the defense of the very Estate that the foundation usurpers victimize (Statement at 14).

As spelled out in my complaint, Leonard Ross colluded with others to the detriment of Agnes Carvel, the Delaware ancillary administration, Delaware interests, and me. The acts of Surrogate Scarpino demonstrate that the grounds for judicial disqualification exist, along with a pattern of conspiracy in criminal enterprises that deny guaranteed rights to the Carvels and others. Mr. Greenhous is not the aggrieved party in this complaint. Moreover, Mr. Greenhous, by the very Order he encloses, lacks authority to participate in any way in any proceedings.

Thank you for your patience and understanding.

Yours truly,

*[signature]*

Pamela Carvel


cc:   Leonard Ross
      Guy Greenhous

Defendant<br>
First Statement<br>
GRG<br>
Exhibit GRG 1-2<br>
Dated 12.10.07

## IN THE HIGH COURT OF JUSTICE

## CHANCERY DIVISION

CLAIM NUMBER: HC07C02611

### IN THE ESTATE OF AGNES CARVEL, DECEASED

BETWEEN:

PAMELA CARVEL (EXECUTOR 4/8/98-11/6/07)

Claimant

- and -

(1) GUY GREENHOUS (JUDICIAL TRUSTEE 11/6/07)

Defendant

---

### WITNESS STATEMENT OF GUY GREENHOUS

---

I, GUY RICHARD GREENHOUS (this is the correct spelling of my surname) of 5 Great College Street, Westminster, London SW1P 3SJ say as follows:-

1. I am a solicitor and a partner in the firm of RadcliffesLeBrasseur. I am the Judicial Trustee appointed to administer the Estate of Agnes Carvel ("Agnes") who died on 4th August 1998. I was appointed by an Order dated 11th June 2007 of Mr Justice Lewison in proceedings between the Thomas and Agnes Carvel Foundation (as Claimants) and Pamela Carvel

3333798

("Pamela", the Claimant in these proceedings) and Carvel Foundation Inc (as Defendants). I exhibit a copy of the Order as exhibit "**GRG 1**".

2. The effect of the order was to appoint me as judicial trustee to administer the Estate of Agnes in substitution for Pamela who had been granted probate of Agnes's will dated 7th July 1995 on 2nd October 1998.

3. Pamela has applied to the Court of Appeal seeking leave to appeal Mr Justice Lewison's Order and I understand that this application is still being considered by that Court.

4. Paragraphs 3 and 4 of Mr Justice Lewison's Order required Pamela to deliver to me all property forming part of Agnes's Estate which is in her hands (together with all deeds and documents relating thereto) and to prepare and deliver to me accounts for the Estate from the date of death until the date of the Order. Pamela has not complied with these obligations.

5. As will be noted from clause 9 of the Order, there are other Chancery proceedings in relation to the Agnes Carvel Estate under claim number HC03C02156. These were initially brought by Pamela as Claimant against herself as Executrix of Agnes as Defendant. Carvel Foundation Inc was subsequently joined as a Defendant to those proceedings in place of Pamela. In those proceedings Pamela has sought to recover:

    (1) Sums which she claims to have incurred on behalf of Agnes during Agnes's lifetime.

    (2) Debts which Pamela claims that Agnes had contracted but had not paid; and

    (3) Sums which Pamela claims to have incurred as Agnes's Executrix.

    Clause 9 of the Order of Lewison J of 11th June 2007 set aside all existing judgments within those proceedings.

6. There has been an enormous amount of litigation on both sides of the Atlantic in relation to Agnes's Estate. The principal dispute is between Pamela and the Thomas and Agnes Carvel Foundation and the Trustees of the Agnes Carvel 1991 Trust dated April 22nd 1991. I exhibit hereto marked "**GRG 2**" a copy of the full Judgement of Mr Justice Lewison, as this usefully

3333798

sets out in detail the background and history of the Agnes Carvel Estate and the litigation associated with it.

7. In litigation in the State of New York USA judgement was given by the Westchester Surrogate's Court that the will of Agnes dated 7th July 1995 contravened an Estate Plan created in 1988 and clearly constituted a total breach of a reciprocal Will Agreement dated 13th February 1988 and made between Agnes Carvel and her husband Thomas Carvel. I understand that the effect of such an agreement is similar to the signing of mutual Wills in this country. Consequently, the Thomas and Agnes Foundation became entitled to receive the assets of Agnes Carvel's Estate. The decision of the Westchester Surrogate's Court was subsequently affirmed on appeal by the Appellate Division of the Supreme Court of New York.

8. It seems to me that the present proceedings are simply a continuation of the overall dispute between Pamela and the Thomas and Agnes Carvel Foundation. I would respectfully suggest that the Court order that the Thomas and Agnes Carvel Foundation be joined as a Defendant to these proceedings. Whilst I accept that I may be a necessary party to these proceedings, I do not intend to play an active role within them, and will abide by the decision of the Court.

9. This is for a number of reasons. Firstly, I am not competent to comment on the allegations contained in Paragraphs 5 to 27 of the Claimant's First Witness Statement as I have not been involved in the years of litigation preceding my appointment as Judicial Trustee that have been conducted both in this Court and the Courts of New York, Delaware and Florida.

10. Secondly, as set out above, the dispute here is between Pamela and the Thomas and Agnes Carvel Foundation.

11. Finally, I am not currently in a position to play an active role in these proceedings, as there are no Estate assets within my control, and I am without funding to play any part in this claim. When my firm, RadcliffesLeBrasseur, were approached by Messrs Herbert Smith acting on behalf of the Thomas and Agnes Carvel Foundation with a view to my agreeing to

my appointment as Judicial Trustee, it was made clear by us to Messrs Herbert Smith that both my firm's and my involvement must be on the basis of my firm's costs being paid in full and when requested. The Client Care letter that we subsequently submitted to Messrs Herbert Smith for approval was agreed. However, on my firm rendering its first bills, which we were directed to send to the Trustees of the Agnes Carvel 1991 Trust, initially payment was refused. Consequent upon this, we notified Messrs Herbert Smith that if payment was not forthcoming we would seek my discharge as Judicial Trustee. The bills were subsequently paid by Messrs Herbert Smith.

12. I have already sought Counsel's opinion on my role as Judicial Trustee. I have been advised that I should seek guidance and advice from New York lawyers as to whether I should take an active role in the long running litigation in relation to the Estate of Agnes Carvel in the Surrogate's Court, The State of New York, County of Westchester in the matter of the Final Accounting of Mr Leonard M Ross as Ancillary Administrator of the Estate of Agnes Carvel deceased. Knowing that any New York lawyers that we instructed would require to be paid in full and on a monthly basis, my firm requested £15,000 on account of costs. This has recently been received but it is earmarked for obtaining New York advice and we have no other funds with which to conduct litigation in England.

13. Although I have asked for the assurance that I was given at the time that I agreed to become Judicial Trustee to be fully honoured, no agreement to do so has so far been forthcoming. Indeed, I have paid Counsel's initial fees of £1,468.75 personally and out of my own pocket and have not yet been reimbursed. That there are no assets in this country belonging to the Estate is confirmed by paragraph 5 of the Claimant's details of claim.

14. For the above reasons I do not intend for the time being to take an active role within these proceedings, and suggest that the Thomas and Agnes Carvel Foundation should be added as a Defendant.

I believe the facts stated in this Statement are true.

Signed ..................................................
GUY RICHARD GREENHOUS

Dated ............October 12th............ 2007

3333798



Agnes Carvel Estate
28 Old Brompton Road, Suite 158
London, SW73SS, England, U.K.

Joseph J. Farnan, Jr. JSDJ
United States District Court for Delaware
844 North King Street
Wilmington, DE    USA

19801

U.S.M.S.
X-RAY