IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGNES CARVEL ESTATE, London, England by Pamela Carvel, Delaware ancillary administrator, and PAMELA CARVEL, Fiduciary-Creditor on behalf of herself and others similarly situated, | : : : : : : : : |
| Plaintiffs, | : : |
| v. | : Civ. Action No. 07-238-JJF |
| LEONARD ROSS, JOHN/JANE DOE 1 through 20, and DOE CORP. 1 through 20, | : : : : |
| Defendants. | : |

Agnes Carvel Estate, London, England by Pamela Carvel, and Pamela Carvel, London, England.  <u>Pro</u> <u>se</u> Plaintiffs.

Sean M. Brennecke and David J. Margules, Esquires, Bouchard, Margules & Friedlander, Wilmington, Delaware.  Attorneys for Defendant Leonard Ross.

<u>**MEMORANDUM OPINION**</u>

July 17, 2008
Wilmington, Delaware

**Farnan, District Judge**

Presently before the Court is Defendant Leonard Ross' Motion To Dismiss and supporting Memorandum and Plaintiffs' Opposition thereto. (D.I. 10.) Also before the Court is Plaintiffs' Motion To Stay Pending Discovery and Praecipe. (D.I. 13, 16.) For the reasons discussed, the Court will grant the Motion To Dismiss and will deny the Motion To Stay Pending Discovery, and decline to issue a subpoena duces tecum.

## I.  BACKGROUND

Pamela Carvel ("Pamela"), filed this Complaint, followed by an Amended Complaint, on behalf of the Agnes Carvel ("Agnes") Estate, London, England ("Estate") as the Delaware ancillary administrator for the Estate and Agnes' personal representative through May 2, 2007, and on her own behalf, and others similarly situated, as fiduciary-creditor (collectively "Plaintiffs") against Defendant Leonard Ross ("Defendant"), as attorney, proxy, and fiduciary to Agnes since 1991, John/Jane Does, and Doe Corps.[1]  (D.I. 1, 3.)  Plaintiffs proceed pro se.  Plaintiffs

---

[1] Ice cream magnate Thomas Carvel ("Thomas") predeceased his wife Agnes in 1990. The couple was childless. Pamela is the niece of Thomas, and is Agnes' niece by marriage. Through estate documents, the Carvels established the Tom and Agnes Carvel Foundation ("Foundation"). When Agnes died on August 4, 1998, she was a resident and domiciliary of the United Kingdom. Upon their deaths, litigation in both estates ensued in New York,

-1-

assert jurisdiction pursuant to 28 U.S.C. § 1331 and allege

causes of actions under 18 U.S.C. §§ 241, 242, 245, 1111, 1117,

1341, 1343, 1664, 1952, 1961 through 1968, 1961(4), 1962,

1964(a), 1964(c), 2314, and 2315; 28 U.S.C. §§ 455 and 1343; and

42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988 for violations of

the First, Fifth, Ninth, and Fourteenth Amendments.  Plaintiffs

also assert supplemental state claims pursuant to 28 U.S.C. §

1367 for fraud and conspiracy to commit fraud.  The Amended

Complaint describes the "Nature of Action" as "fraudulent

conversion of Carvel assets, to compel [Defendants] to return

stolen assets, to disgorge themselves of their ill-gotten gains,

---

Florida, and the United Kingdom, and has been virtually
continuous.
        Subsequent to Thomas Carvel's death, Agnes executed a will
in 1995 and it was offered and admitted to probate in the United
Kingdom.  Pamela was Agnes' guardian immediately prior to Agnes'
death and was the United Kingdom representative of Agnes' estate
until she was judicially removed from the position on June 11,
2007, due to a conflict of interest.  The High Court commented
that Pamela had been less than forthright with it.  (D.I. 10, ex.
A.)  The High Court noted that a Florida court had concluded that
"there was strong evidence of a fraud upon the court perpetrated
by [Pamela Carvel]" in proceedings before the High Court and the
Florida Circuit Court and that Pamela attempted to circumvent a
decision of the Weschester County, New York Surrogate's Court and
a Palm Beach, Florida Court.  (Id. at exs. 3, 5.)  This Court was
notified by the Judicial Trustee of the Estate of Agnes Carvel
that he did not give authorization to Pamela Carvel to file this
action.  (D.I.8.)  Pamela responds that his letter "bears no
weight in this proceeding because [her] complaints were not filed
as executor and personal representative."  (D.I. 9.)

and for damages Defendants caused." (D.I. 3, ¶ 2.) Defendant Ross moves for dismissal for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

The facts alleged by Plaintiffs in the Amended Complaint relevant to Defendant's Motion To Dismiss are as follows.[2] Defendant Ross is a lawyer licensed in New York, with a mailing address in New York. (D.I. 3, ¶ 19.) Beginning in 1991, Defendant represented Agnes and the Estate in matters concerning Delaware corporations, Delaware assets, and Delaware claims. (Id. at ¶ 4, 31.) Defendant is the New York ancillary administrator of the Estate of Agnes Carvel. (Id. at ¶ 40.) Also, Defendant was Agnes' attorney in Foundation matters for almost seven years. (Id. at ¶ 31.)

Plaintiffs also allege Defendant refused to take action in New York to enforce the intentions of Agnes. (Id. at ¶ 31.) Defendant acted to wipe out Plaintiffs' Delaware claims and harmed Plaintiffs by failing and refusing to assert Delaware claims in New York, and by actively and aggressively obstructing Pamela's ability to assert claims in New York. (Id. at ¶ 4.) Defendant knowingly and intentionally committed acts and omissions over Delaware assets and effecting Delaware claim

_____

[2]The Amended Complaint contains numerous other allegations that do not reference Delaware.

-3-

issues, in collusion with co-conspirators in Delaware and elsewhere. (<u>Id</u>. at ¶ 19.)  Defendants knew their harmful acts in Delaware and outside Delaware would damage Plaintiffs' claims and assets in Delaware. (<u>Id</u>. at ¶ 19.)

Further, Plaintiffs allege an apparent criminal enterprise, bribery, and political corruption in New York denied Plaintiffs the right to redress grievances in New York, denied jurisdiction over non-New York debts, and denied them protection under New York law of foreign fiduciary or Delaware ancillary administration interests in estate assets. (<u>Id</u>. at ¶ 15.) Apparent frauds by Defendants elsewhere were intended to prevent the recovery of the value of the Agnes' Delaware corporate interests. (<u>Id</u>. at ¶ 16.)

Plaintiffs also contend the claim in Delaware to stock ownership in Carvel Corp., a Delaware corporation, is part of the claim to ownership of Andreas Holdings Corp. ("Andreas"), also a Delaware corporation. (<u>Id</u>. at ¶ 46.)  Andreas purports to be a merger of former Carvel Corp. wholly owned subsidiaries retained by the Carvels. (<u>Id</u>.)  In 1995, Agnes and Pamela, as directors, filed a lawsuit in Delaware Chancery Court proceeding to establish ownership of Andreas. (<u>Id</u>. at 46, 47.)  Defendant failed to do anything about a perjured affidavit filed by attorney Lawrence Fay in the 1995 Andreas court proceeding. (<u>Id</u>.

-4-

at ¶ 47.)  Also, Defendant was negligent in New York when he failed to correctly value Andreas. (<u>Id</u>.)  With regard to the sale of stock from Carvel Corp., a Delaware corporation, Defendant assisted Agnes in several investigations to discover the whereabouts of diverted funds, but once he became the New York ancillary administrator he colluded with others to divert the funds and wipe away Agnes' claims. (<u>Id</u>. at ¶ 51.)

Counts 1 through 3 of the Amended Complaint allege fraud and conspiracy to commit fraud in contradiction and in violation of Delaware, Florida, and New York laws. (<u>Id</u>. at ¶ 82.)  Count 4 alleges abuse of process.  Counts 5 through 20 allege conspiracy to interfere with rights.  Counts 21 through 26 allege RICO violations, and specifically that Defendants were knowledgeable that their fraudulent transfer of Carvel assets was a tortious act under Delaware, Florida, and New York state laws. (<u>Id</u>. at ¶ 100.)

Plaintiffs seek discovery to identify, quantify, and assert damages by Defendant and others yet to be identified; disaffirmance pursuant to New York law of all individual and professional acts taken by Defendants; discovery to determine the extent of Defendants' criminal acts and those with whom they conspired; statutory disqualification of the acts of the

Westchester County New York Surrogate Anthony Scarpino[3] in all
Carvel estate matters; damages as of 1990 in excess of $300
million; and taxes, penalties, and statutory interest on original
damages, and treble damages pursuant to RICO statutes.

## II.  MOTION TO DISMISS

Defendant Ross moves for dismissal pursuant to Fed. R. Civ.
P. 12(b)(2) for lack of personal jurisdiction.  Defendant Ross
argues that he is a citizen of the State of New York, has no
contacts with the State of Delaware, and that the allegations in
the Amended Complaint neither satisfy the requisites of the
Delaware long arm statute, nor the bounds of constitutional due
process.

Plaintiffs oppose the Motion and argue that federal
jurisdiction in Delaware based upon civil RICO statutes, 18
U.S.C. §§ 1961 and 1964.  Plaintiffs argue that Defendant engaged
in a pattern across state lines that contains a sequence of
events with the same and common purpose to defraud Agnes, and her
successors in interest, of substantial Delaware assets, to
protect the thieves of those assets, and to defraud State and
Federal governments.  Plaintiffs further argue that Defendant
engaged in a conspiracy with unidentified Doe Defendants, and

---

[3]Anthony Scarpino is a Westchester County Surrogate's Court
Judge.

that in Delaware the exercise of personal jurisdiction over an individual may be appropriate based upon the actions of other Doe Defendants involved in the civil conspiracy.

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows the Court to dismiss a suit for lack of jurisdiction over the person.  Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc., 295 F. Supp. 2d 400, 403 (D. Del. 2002).  "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."  Id. (citing Fed. R. Civ. P. 4(e)).  The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long arm statute.  Id.  (citing Del. Code Ann. tit. 10, § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendants'] constitutional right to due process."  Id. (citing International Shoe Co. v. Washington, 326 U.S. 310 (1945)).

A district court may exercise either general or specific jurisdiction over a defendant, for purposes of personal

-7-

jurisdiction.  Remick v. Manfredy, 238 F.3d 248, 255 (3d. Cir. 2001) (citations omitted).  General jurisdiction exists where the defendant maintains continuous and systematic contacts with the forum.  Provident Nat'l Bank v. California Fed. Sav. & Loan Asso., 819 F.2d 434, 437 (3d Cir. 1987).  Specific jurisdiction is proper only when the "cause of action arises out of [the] defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum."  Remick, 238 F.3d at 255.

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction."  Id.  (citing Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).  Plaintiffs may establish jurisdictional facts through sworn affidavits or other competent evidence."  Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).  "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.  Once the motion is made, plaintiff must respond with actual proofs, not mere

allegations." <u>Miller Yacht Sales, Inc. v. Smith</u>, 384 F.3d 93 n.6 (3d Cir. 2004) (citations omitted).

**B.  Jurisdictional Facts**

In response to Defendant's Motion, Plaintiffs submitted correspondence dated in 1997, none of it indicating it originated in Delaware nor addressed to a Delaware location (D.I. 15, exs. B-1, B-2, B-3, B-5); newspaper articles that do not mention Delaware (<u>Id</u>. at exs. B-4, B-14); the 1998 affidavit of Francis A. Zarro executed in New York (<u>Id</u>. at ex. B-9); and, Defendant's 1995 billing statement from his New York firm address to Agnes Carvel in Atlantis, Florida and 1999 billing statement from the New York firm address to the Estate of Agnes Carvel in London, United Kingdom (<u>Id</u>. at exs. B-16, B-18, B-22.)  Plaintiffs contend that the documents evidence Defendant's representation of Delaware corporations and that Defendant acted in Delaware by advising on Delaware corporations and instructing Delaware attorney Robert Valihura ("Valihura"), preparing Delaware corporate documents, and attending Delaware corporate meetings. The billing statement of Defendant refers to two telephone conferences with Valihura, one on September 15, 1995, and the second on September 28, 1995.  (D.I. 15, ex. B-19.)

Defendant Ross is a citizen of the State of New York and is a lawyer, admitted to practice law there. (D.I. 10, **Ex**. 1, Ross

aff.)  He has never practiced law in Delaware nor represented
Plaintiffs in Delaware.  (Id.)  He asserts that he does not
regularly engage in or solicit business in Delaware, derive
substantial revenue from services or things used or consumed in
Delaware nor engage in a persistent course of conduct in
Delaware.  (Id.)  Defendant has not appointed an agent for
service of process in Delaware, has no local listings, no bank
accounts, real estate, or employees in the State of Delaware.
(Id.)  He has not paid taxes in Delaware, commenced any legal
action or proceeding in Delaware, and save this action, has never
been named as a defendant in a Delaware proceeding.  (Id.)

     Andreas, while a Delaware corporation, has its principal
place of business in New York.  (D.I. 17, Ross aff.)  Defendant
Ross never provided legal services for Andreas, although on
occasion he advised Agnes regarding the corporation.  (Id.)
Defendant Ross did not participate in the Andreas litigation
referred to in the Amended Complaint.  (Id.)  Nor has he ever
performed work in Delaware or attended shareholder meetings in
Delaware.  (Id.)  The shareholders meeting referred to in his
billing records took place in New York.  (Id.)  A corporate
document he prepared was a certificate signed by Pamela in New
York.  (Id.)

### C.  Personal Jurisdiction

Defendant Ross argues that the Amended Complaint fails to satisfy any section of Delaware's long arm statute sufficient to invoke personal jurisdiction.  The Delaware long arm statute provides that personal jurisdiction is proper over any nonresident who, in person or through an agent:  (1) transacts any business or performs any character of work or service in the State; (2) contracts to supply services or things in the State; (3) causes tortious injury in the State by an act or omission in the State; (4) causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State; (5) has an interest in, uses or possesses real property in the State; or (6) contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.  Del. Code Ann. tit. 10, § 3104(c).  The foregoing provisions are construed "liberally so as to provide jurisdiction to the maximum extent possible" in order "to provide residents a means of redress against those not subject to personal service

-11-

within the State." <u>Boone v. Oy Partek Ab</u>, 724 A.2d 1150, 1156-57 (Del. Super. Ct. 1997).

A review of the Amended Complaint reveals that it does not allege that Defendant Ross: (1) transacted any business or performed any character of work or service in Delaware as required by § 3104(c)(1); (2) contracted to supply services or things in Delaware as required by § 3104(c)(2); (3) had an interest in, used or possessed real property in Delaware as required by § 3104(c)(5); or (4) contracted to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within Delaware as required by § 3104(c)(6).

With regard to § 3104(c)(3), while the Amended Complaint alleges fraudulent conversion of Carvel assets and that Defendant committed intentional acts or omissions over Delaware assets and effecting Delaware claim issues in collusion with co-conspirators in Delaware and elsewhere, it does not allege that Defendant was present in Delaware when the alleged tortious acts or omissions occurred.

Section 3104(c)(4) is considered as a general jurisdiction provision. General jurisdiction may be exercised over a defendant whose contacts with the forum state are "continuous and

substantial." <u>Kloth v. Southern Christian Univ</u>., 494 F. Supp. 2d 273, 280 (D. Del. 2007) (citations omitted).

In order to exercise personal jurisdiction over Defendant Ross, he must have sufficient "minimum contacts" with Delaware, the forum state, so that subjecting him to this Court's jurisdiction "comports with traditional notions of fair play and substantial justice." <u>See</u> <u>Toys "R" Us, Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 451 (3d Cir. 2003)(citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985)).

The Amended Complaint fails to allege that Defendant Ross regularly conducted business in Delaware, engaged in a persistent course of conduct within Delaware, or derived substantial revenue for services or things used or consumed in Delaware to support an assertion of general jurisdiction over him in Delaware. According to the Amended Complaint, Defendant is a resident of New York.  The record reflects that the only contacts Defendant Ross had with Delaware were two telephone calls made in 1995 to a Delaware attorney.  The Court finds these calls are insufficient to establish jurisdiction over Defendant Ross in Delaware.

In sum, the Court concludes that there is insufficient evidence for the Court to exercise either general or specific general personal jurisdiction over Defendant Ross.

-13-

### D.  Conspiracy Theory of Jurisdiction Under Delaware Law

Plaintiffs also contend that personal jurisdiction exists over Defendant Ross based upon a civil conspiracy with one or more Delaware corporations including, but not limited to, Carvel Corporation and its subsidiaries, the alleged CCCC Holdings Corp. and its alleged subsidiaries, the alleged Andreas Holding Corp. and its alleged subsidiaries, and entities that received, disbursed, or alleged ownership control over Delaware corporate stock and its proceeds to the exclusion of Agnes and her successors in interest.  Plaintiffs contend that personal jurisdiction may be appropriate based upon the actions of other defendants, namely the Doe Defendants, involved in a civil conspiracy, when there is clear jurisdiction over other parties, such as the officers, directors, or alleged shareholders of Delaware corporations.  Defendant Ross responds that Plaintiffs' attempt to invoke a civil conspiracy theory of jurisdiction is legally insufficient.

Initially, the Court notes that contrary to Plaintiffs' argument, while the Amended Complaint makes reference to the Carvel Corp. and Andreas, it does not allege these corporations conspired with Defendant Ross.  Further, there is no reference to CCCC Holdings Corp.  Additionally, despite Plaintiffs' argument, the Court finds that there is not "clear jurisdiction" over other

parties such as the Doe Defendants, whether they be officers, directors, or shareholders of Delaware corporations.    In determining personal jurisdiction, each Defendant's contacts with the forum state must be assessed individually.    <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 781 (1984).

As both parties acknowledge, under the conspiracy theory of jurisdiction recognized in Delaware, a conspirator who is absent from the forum state is subject to the jurisdiction of the Court, assuming he is properly served under state law, if Plaintiffs can demonstrate that: (1) a conspiracy to defraud existed; (2) Defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) Defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy.    <u>Istituto Bancario Italiano SpA v. Hunter Eng'g, Co.</u>, 449 A.2d 210, 225 (Del. 1981). All five of the above elements must be satisfied in order to establish personal jurisdiction under the conspiracy theory. <u>Ruggiero v. FuturaGene, PLC.</u>, -A.2d-, 2008 WL 2267032, at *6 (Del. Ch. 2008).    Plaintiffs must assert specific factual evidence to show that the nonresident defendant was a conspirator

-15-

and that a substantial wrongful act in furtherance of the conspiracy took place in Delaware in order to establish jurisdiction. <u>Marketing Products Mgmt., LLC v. HealthandBeauty Direct.com, Inc.</u>, No. 02C-04-256 CLS, 2004 WL 249581, at *2 (Del. Super. Ct. Jan. 28, 2004).

While Plaintiffs allege that a conspiracy existed, and that Doe Defendants were parties to that conspiracy, they offer no factual allegations that a substantial act or effect of the conspiracy occurred in Delaware. Without some showing that some act or effect occurred in Delaware, Plaintiffs cannot satisfy the third element of the conspiracy theory test, and their claim for personal jurisdiction on this ground fails.

### E. RICO

Finally, Plaintiffs contend that civil RICO claims by an "alien" can be brought in any jurisdiction. Defendant Ross responds that Plaintiffs' position fails on two counts: the Amended Complaint fails to adequately plead a RICO civil cause of action and he does not have sufficient minimum contacts to establish personal jurisdiction in this Court. The Court will address only the minimum contacts issue.

The RICO jurisdiction statute, 18 U.S.C. § 1965, has been interpreted differently by federal circuit courts over which provision of 18 U.S.C. § 1965 authorizes nationwide service of

-16-

process, § 1965(a) or § 1965(d).  The Fourth and Eleventh

Circuits have held it is authorized by § 1965(d) which allows

"[a]ll other process" in a RICO action to be served in "any

judicial district in which such person resides, is found, has an

agent or transacts his affairs."  <u>Republic of Panama v. BCCI</u>

<u>Holdings (Lux.) S.A.</u>, 119 F.3d 935, 942 (11th Cir. 1997); <u>ESAB</u>

<u>Group, Inc. v. Centricut, Inc.</u>, 126 F.3d 617, 627 (4th Cir.

1997).  Hence, a RICO defendant "need only have sufficient

minimum contacts with the United States to satisfy due process."

<u>American Trade Partners, L.P v. A-1 Int'l Importing Enters.,</u>

<u>Ltd.</u>, 757 F. Supp. 545, 556 (E.D.Pa. 1991).

The majority of the other deciding circuit courts have

concluded that a district court has jurisdiction to entertain a

civil RICO claim only where personal jurisdiction based on

minimum contacts are first established as to at least one

defendant pursuant to 18 U.S.C. § 1965(a).  See <u>FC Inv. Group LC</u>

<u>v. IFX Markets, Ltd.</u>, –F.3d–, 2008 WL 2468431, at *8 (D.C. Cir.

2008).  Once minimum contacts is established as to at least one

defendant, the nationwide service of process provision of 18

U.S.C. § 1965(b) enables a plaintiff to bring all members of a

RICO conspiracy before a single court.  <u>Id</u>.; See <u>Cory v. Aztec</u>

<u>Steel Bldg., Inc</u>., 468 F.3d 1226, 1229 (10th Cir. 2006); <u>PT</u>

<u>United Can Co. v. Crown Cork & Seal Co.</u>, 138 F.3d 65, 71-72 (2d

Cir. 1998); <u>Lisak v. Mercantile Bancorp., Inc.</u>, 834 F.2d 668, 671

(7th Cir. 1987); <u>Butcher's Union Local No. 498 v. SDC Inv., Inc.</u>,

788 F.2d 535, 538 (9th Cir. 1986).  <u>See also</u> <u>Boone v. Thompson</u>,

No. 02-CV-1580, 2002 WL 31478834, *3 (E.D. Pa. Nov. 1, 2002)

(requiring sufficient contacts with the forum state to establish

personal jurisdiction over RICO defendant).  The United States

Court of Appeals for the Third Circuit has not addressed the

issue.

    After considering the decisions of the circuit courts, this

Court adopts the reasoning of the majority of the circuits that

for nationwide service to be imposed under § 1965(b), the court

must have personal jurisdiction over at least one of the

participants in the alleged multidistrict conspiracy and the

plaintiff must show that there is no other district in which a

court will have personal jurisdiction over all of the alleged co-

conspirators.  <u>FC Investment Group LC v. IFX Markets, Ltd.</u>, 2008

WL 2468431 at *9.  Because this Court is without personal

jurisdiction over Defendant, it also is without RICO jurisdiction

over him.

## III. MISCELLANEOUS MATTERS

    Plaintiffs move to stay the matter pending discovery

"because of substantive material facts misrepresented by

Defendant to seek dismissal." (D.I.13.)  As discussed above,

this Court does not have personal jurisdiction over Defendant.
Therefore, the Court will deny the Motion.

Plaintiffs filed a Praecipe for issuance of a subpoena duces
tecum to the Sheriff of New Castle County to obtain discovery
from Defendants. (D.I. 16.) Rule 45 of the Federal Rules of
Civil Procedure sets forth the procedure for issuance of a
subpoena when seeking discovery documents from non-parties.
Here, the Praecipe seeks issuance and service of a subpoena upon
Defendants. The procedure to obtain discovery from parties is
set forth in Rules 26 through 37 of the Federal Rules of Civil
Procedure. Although Plaintiffs proceed <u>pro</u> <u>se</u>, they are required
to follow the applicable Rules when seeking discovery.
Therefore, the Court will not issue a subpoena to the Sheriff of
New Castle County.

## IV. DOE DEFENDANTS

The Complaint was filed on May 2, 2007 and an Amended
Complaint was filed on August 27, 2007. To date, the John/Jane
Doe and Doe Corp. Defendants have not been served.

Therefore, the Court will order Plaintiffs to show cause why
John/Jane Doe 1 through 20 and Doe Corp. 1 through 20 should not
be dismissed as Defendants for failure to identify and failure to
serve process upon them as required by Fed. R. Civ. P. 4.

-19-

**V.   CONCLUSION**

For the foregoing reasons, the Court will grant Defendant Ross' Motion To Dismiss and will deny Plaintiffs' Motion To Stay Pending Discovery.  (D.I. 10, 13.)  The Court declines to issue the subpoena duces tecum.  (D.I. 16.)  Finally, Plaintiffs shall show cause why the Doe Defendants have not been identified and served.  An appropriate Order will be entered.